DONALD D. SOMMERFELD
TOWE, BALL, MACKEY,
SOMMERFELD & TURNER, P.L.L.P.
PO BOX 30457
BILLINGS, MT 59107-0457
(406) 248-7337
Attorneys for Plaintiff

CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2016 FEB 18 PM 3 10

FILED
BY _____
       DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT

### YELLOWSTONE COUNTY, MONTANA

BRANDI ANN BUDELL,

    Plaintiff,

vs.

TAMRA JO OLDCOYOTE, CROW TRIBE WATER RESOURCES, HUDSON INSURANCE GROUP, INC. and U.S. BUREAU OF RECLAMATION,

    Defendants.

No. DV- DV 16-0254

Judge INGRID GUSTAFSON

**COMPLAINT**

120/119494

COMES NOW the Plaintiff, BRANDI BUDELL, by and through her attorney of record, Donald D. Sommerfeld, and, for her claims against Defendants, alleges as follows:

1. Plaintiff BRANDI BUDELL is a resident of Pompey's Pillar, Montana.

2. Defendant TAMRA OLDCOYOTE was, at all times relevant herein, a resident of Hardin, Montana.

3. Defendant CROW TRIBE WATER RESOURCES is located in Crow Agency, MT.

4. Defendant HUDSON INSURANCE GROUP, INC., the US Insurance Division of OdysseyRe, is headquartered in New York City, with offices throughout the United States.

5. Defendant U.S. BUREAU OF RECLAMATION is a federal agency under the U.S.

Department of the Interior.

6. On September 25, 2014, Plaintiff was injured as the result of a two-vehicle collision on I-90 in Yellowstone County, Montana.

## COUNT 1

7. Plaintiff restates allegations 1-6 and further states:

8. On September 25, 2014, Plaintiff was traveling eastward on I-90 in Yellowstone County, Montana. As she was driving with the flow of traffic, in the passing lane on I-90, Defendant OLDCOYOTE caused the 2012 Chevrolet pickup that she was driving to plow into the rear end of Plaintiff's 2003 Pontiac Vibe wagon. The highway-speed impact propelled Plaintiff's vehicle forward, through an emergency turn-around, and into the oncoming lanes of traffic.

9. The Montana Highway Patrol's investigating officer determined that Defendant OLDCOYOTE was at fault for the collision between the vehicle driven by Defendant OLDCOYOTE and the vehicle driven by Plaintiff.

10. As a result of the negligence of Defendant OLDCOYOTE, Plaintiff's vehicle was totaled and Plaintiff incurred towing and storage expenses.

11. As a further result of the negligence of Defendant OLDCOYOTE, Plaintiff has suffered bodily injury and has incurred medical expenses, hospital expenses, wage loss and other special damages, and will suffer special damages in the future.

12. As a further result of the negligence of Defendant OLDCOYOTE, Plaintiff has incurred pain, suffering, loss of enjoyment of her established course of life, and other general damages, and will suffer general damages in the future.

## COUNT 2

13. Plaintiff restates allegations 1-12 and further states:

14. The 2012 Chevrolet pickup driven by Defendant OLDCOYOTE was owned by

1  Defendant CROW TRIBE WATER RESOURCES.

2  15. The vehicle owned by Defendant CROW TRIBE WATER RESOURCES was insured by Defendant HUDSON INSURANCE GROUP, INC.

16. Defendant CROW TRIBE WATER RESOURCES entrusted the use of its vehicle to Defendant OLDCOYOTE.

17. Defendant OLDCOYOTE used the vehicle with the consent and approval of Defendant CROW TRIBE WATER RESOURCES.

## COUNT 3

18. Plaintiff restates allegations 1-17 and further states:

19. Defendant HUDSON INSURANCE GROUP, INC. has refused to pay on this claim without conducting a reasonable investigation based upon all available information, in violation of §33-18-201(4), MCA (2015).

20. Defendant HUDSON INSURANCE GROUP, INC. has neglected in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability has become reasonably clear, in violation of §33-18-201(6), MCA (2015).

## COUNT 4

21. Plaintiff restates allegations 1-20 and further states:

22. Defendant HUDSON INSURANCE GROUP, INC. has alleged Defendant OLDCOYOTE was, at the time of the collision, acting in the course and scope of her employment under a contract between the Crow Tribe and the U.S. BUREAU OF RECLAMATION and that Defendant U.S. BUREAU OF RECLAMATION is therefore somehow responsible for all damages caused by the negligence of Defendant OLDCOYOTE on September 25, 2014.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For special damages and future special damages, in an amount yet to be determined.

2. For general damages and future general damages, in an amount yet to be determined.

3. For such other and further relief as may be deemed just and proper.

DATED this 17th day of February, 2016.

                    TOWE, BALL, MACKEY,
                    SOMMERFELD & TURNER, P.L.L.P.

BY _____
      DONALD D. SOMMERFELD